**cc: Order, docket, remand letter to Superior Court BC555892**

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS HERNANDEZ,<br><br>                Plaintiff,<br><br>     v.<br><br>EL PASO-LOS ANGELES LIMOUSINE EXPRESS, INC.; MILO EXPRESS, INC.; MILO, INC.; VICTOR GALVIN dba VG TRANSPORTATION; MARTIN AGUIRRE; FAYE STEWART TRANSPORTATION SERVICES, LLC; FAYE STEWART TRANSPORTATION, LCC; SEARING INDUSTRIES, INC; and DOES 1-100, Inclusive,<br><br>                Defendants. | CV 14-8650 RSWL (MANx)<br><br>**ORDER Re: PLAINTIFF'S MOTION TO REMAND CASE TO SUPERIOR COURT** [14] |

Now before the Court is Plaintiff Jesus Hernandez's Motion to Remand Case to Los Angeles Superior Court [14]. Having reviewed the papers submitted on this issue, the Court hereby **GRANTS** Plaintiff's Motion.

### I. BACKGROUND

This Action for personal injuries was commenced on

1

September 3, 2014 in California Superior Court for the County of Los Angeles. <u>See</u> Compl., Exh. 1 to Notice of Removal. Plaintiff has alleged that Defendants' negligent conduct caused him bodily injury. <u>See</u> <u>id.</u> Defendants then removed this Action to federal court, asserting a federal question under 28 U.S.C. § 1331. <u>See</u> Notice of Removal. Specifically, Defendants have argued that the Interstate Commerce Commission Termination Act ("ICCTA"), 49 U.S.C.A. § 14501(c)(1), preempts state jurisdiction because claims for personal injury "are a veiled attempt at regulating the 'services' offered by a freight broker." Notice of Removal 3:16-17.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1331, the district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The "strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)

(per curiam) (internal quotation marks omitted).

### III. DISCUSSION

"Where a plaintiff invokes traditional elements of tort law and the issue of preemption arises, 'the courts almost uniformly have resolved against federal preemption.'" Jimenez-Ruiz v. Spirit Airlines, Inc., 794 F. Supp. 2d 344, 348 (D.P.R. 2011) (quoting Dudley v. Bus. Exp., Inc., 882 F. Supp. 199, 206 (D.N.H. 1994)); see, e.g., Owens v. Anthony, No. 2-11-0033, 2011 WL 6056409, at *1 (M.D. Tenn. Dec. 6, 2011) (finding that personal injury negligence claims are not preempted by the FAAAA); Gill v. JetBlue Airways Corp., 836 F. Supp. 2d 33, 42 (D. Mass. 2011) (state law negligence claim was not preempted by ADA). The Supreme Court has argued that "is difficult to believe that Congress would, without comment, remove all means of judicial recourse for those injured by illegal conduct." Silkwood v. Kerr-McGee Corp., 464 U.S. 238, 251 (1984).

Defendants argue that notwithstanding the near-universal refusal of the courts to find personal injury actions preempted, Plaintiff's claim is an attempt to regulate the services of a freight carrier in violation of the ICCTA. In attempting to define the word "service," as used in the Airline Deregulation Act ("ADA"), the Ninth Circuit has warned that a broad interpretation would "ignore the context of its use" and effectively "result in the preemption of virtually

3

everything" a transporter does.  <u>Charas v. Trans World Airlines, Inc.</u>, 160 F.3d 1259, 1266 (9th Cir. 1998), <u>opinion amended on denial of reh'g</u>, 169 F.3d 594 (9th Cir. 1999).  The Ninth Circuit concluded that ADA regulations were "intended to insulate the industry from possible state economic regulation," not to "immunize the airlines from liability for personal injuries caused by their tortious conduct."  <u>Id.</u>  Accordingly, the Ninth Circuit defines "service" "in the public utility sense-i.e., the provision of air transportation to and from various markets at various times."  More specifically, the court explained, "Congress used the word 'service' ... to refer to the prices, schedules, origins and destinations of the point-to-point transportation of passengers, cargo, or mail."  <u>Id.</u>

    Importantly, precedent from this District holds that "Section 14501(c)(1) is nearly identical to 49 U.S.C. § 41713 [formerly § 1305], part of the Airline Deregulation Act ("ADA"). Therefore, interpretations of this part of the ADA are applicable to § 14501(c)(1)." <u>Works v. Landstar Ranger, Inc.</u>, 2011 WL 9206170 at *1 (C.D. Cal., Apr. 13, 2011 (citing <u>Rowe v. N.H. Motor Transp. Ass'n</u>, 552 U.S. 364, 368, 370 (2008)).  Thus, the same line of logic that rejects ADA preemption of personal injury claims applies to the argument that the ICCTA preempts Plaintiff's personal injury claims.  Plaintiff's claims for negligence, peculiar risk, and

4

non-delegable duty are not sufficiently related to Defendants' "service" to be preempted by § 14501(c)(1). See id. at *2.  To hold otherwise would do exactly as the Supreme Court of the United States warned against in Silkwood-it would prevent a plaintiff from obtaining any recourse against illegal and/or tortious conduct. Thus, this Court finds that § 14501(c)(1) does not preempt Plaintiff's causes of action.  Accordingly, this Court remands the Action to the California Superior Court.

### IV. CONCLUSION

This Court therefore **GRANTS** Plaintiff Jesus Hernandez's Motion to Remand Case to Superior Court [14].  Defendants' pending Motions in this Action are thus **VACATED AS MOOT.**

**IT IS SO ORDERED.**

DATED: December 12, 2014        RONALD S.W. LEW
                                _____
                                **HONORABLE RONALD S.W. LEW**
                                Senior U.S. District Judge